Stephen J. Joncus
Oregon Bar No. 013072
JONCUS LAW P.C.
13203 SE 172nd Ave Ste 166 #344
Happy Valley, Oregon 97086
Telephone: (971) 236-1200
Facsimile: (971) 244-7997
steve@joncus.net

*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **Marc Thielman**, **Senator Dennis Linthicum**, **Senator Kim Thatcher**, **Jeff Kropf**, **Mark Anderson**, **Chuck Wiese**, **Janice Dysinger**, **Steven McGuire**, **Rick Riley**, **Gabriel Buehler**, **Don Powers**, **Ben Edtl**,<br><br>Plaintiffs,<br><br>v.<br><br>**Tina Kotek**, in her official and personal capacities as Governor of Oregon; **LaVonne Griffin-Valade**, in her official and personal capacities as Oregon Secretary of State; **Molly Woon**, in her official and personal capacities as Elections Director,<br><br>Defendants. | Case No.: 3:23-cv-1639-HZ<br><br><br><br>**MOTION FOR PRELIMINARY INJUNCTION**<br><br><br>**Request for Oral Argument** |

## LOCAL RULE 7-1 CONFERRAL

The parties made a good faith effort through a telephone conference to resolve the dispute and have been unable to do so.

## MOTION

Plaintiffs move for a preliminary injunction order prohibiting Defendants from surveiling and/or suppressing speech concerning alleged misinformation, disinformation, or malinformation. This includes an order halting any performance of work pursuant to the Secretary of State's Office Request for Proposal titled "Election False Information Solution."[1]

## INTRODUCTION

Oregon seeks to sign a contract to identify and mitigate harmful information online as it relates to elections (mis-, dis-, and mal- information, or "MDM"). The alleged "harmful information" is only harmful in the sense that it damages the credibility of Oregon's repeated claims that its elections are "safe and secure." Like authoritarians since time immemorial, Oregon seeks to suppress and silence those who disagree with its message, in violation of the First Amendment.

The State of Oregon only exists to serve the people, for whom it works. Oregon is prohibited from interfering in the public's speech criticizing Oregon's elections or any

---

[1] This includes RFP Solicitations S-16500-00007470 (2023) and S-16500-00002374 (2022).

other matter. Oregon's "Election False Information Solution" is a blatant violation of the First Amendment of the United States Constitution.

## SUMMARY OF FACTS

On September 21, 2023, bidding opened on Bid Solicitation #S-165000-00007470 described as an Elections False Information Solution ("Elections False Information Solution" or "RFP 7470") by the Oregon Secretary of State, Elections Department.[2] "The Oregon Elections Division is seeking a solution to address the spread of mis-, dis-, and mal-information."[3] The scheduled date for signing a contract was October 27, 2023.[4] As of the date of this motion, the contract is not executed.[5] The Secretary of State issued a similar RFP in 2022 which was awarded to a company called Logically AI located in the United Kingdom.[6]

RFP 7470 states: "The purpose of this RFP is to contract with a vendor to help provide a suite of products to identify and ***mitigate*** harmful information online as it relates to elections (mis-, dis-, and mal- information, or "MDM")."[7] In its scope of work, RFP 7470 states:

> The Elections Division is seeking . . . a suite of products to identify, advise, and methods to combat harmful MDM information online. This includes:
> - media monitoring and ***threat detection*** services to offer a comprehensive view of the landscape;

---

[2] Joncus Decl. Ex. A, B.
[3] Joncus Decl. Ex. A p. 2.
[4] Joncus Decl. Ex. B p. 7.
[5] Joncus Decl. Exhibit A p. 1 ("Award in Process").
[6] Joncus Decl. Ex. A, D.
[7] Joncus Decl. Ex. B p. 4 (emphasis added).

- Providing *early notification systems* to identify MDM and *target MDM activity*; and

- Guidance on effective measures to ensure the most effective possible promotion of accurate information.[8]

RFP 7470 further provides:

> The Elections Division is seeking a vendor to help provide a suite of products to identify and ***disarm*** harmful, MDM information online. The Elections Division is seeking media monitoring and threat detection services to offer a comprehensive view of the media landscape, early warning systems to *identify* MDM and *target* MDM activity and allow access to effective ***countermeasures***.[9]

In an MDM Solution Pre-Proposal Conference, Nikki Fisher, an Elections Division taxpayer-funded employee, gave a description of what the Elections Division was planning. She said that the Elections Division was looking for an early warning system to identify MDM and identification of effective countermeasures. Fisher further states the Elections Division's plan to share information with the relevant partners such as the FBI, Oregon State Police, National Guard, Oregon TITAN Fusion Center, National Guard, CISA, and the US Attorneys' Office.[10]

Oregon's Elections False Information Solution reveals Oregon's plan to intimidate the public from criticizing Oregon's election system. Oregon's plan to intimidate has teeth. In 2021, HB 2323 was passed which provided a new $10,000 fine for

---

[8] Joncus Decl. Ex. B p. 7 (emphasis added).
[9] Joncus Decl. Ex. C p. 1 (emphasis added).
[10] Recording, *MDM Solution Pre-Proposal Conference*, MDM Solution Pre-Proposal Conference-20230830_140346-Meeting Recording.mp4, https://oregonbuys.gov/bso/external/bidDetail.sdo?docId=S-16500-00007470&external=true&parentUrl=close (Aug. 30, 2023)

communication of false statements of material fact intended to mislead electors on a variety of election topics.[11]

Upon learning of this RFP 7470, a number of legislators, including two Plaintiffs, wrote the Secretary of State urging her to halt the RFP.[12] In response, the Secretary of State declined to stop work on her Elections False Information Solution.[13]

Each Plaintiff is a registered voter in Oregon and an advocate of accurate, verifiable elections in Oregon. Each Plaintiff publicly voice their concerns and criticisms of the state's election processes, the lack of transparency, the lack of citizen access to election information, and/or the existence of documented election anomalies and vulnerabilities. Knowing that the government is watching what is said and is empowered to employ "countermeasures" will cause citizens to think twice about what they say[14]—which constitutes unlawful interference with their fundamental right of free speech.

**ARGUMENT**

### A. Oregon's Elections False Information Solution blatantly violates free speech rights.

The First Amendment embodies the principle that each person is free to decide for him or herself the ideas and beliefs deserving of expression, consideration, and adherence.[15] Elections are of the most "fundamental significance" under our form of

---

[11] *See* ORS § 260.537.
[12] Joncus Decl. Ex. E.
[13] Joncus Decl. Ex. F.
[14] Declarations for Marc Thielman, Senator Dennis Linthicum, Senator Kim Thatcher, Jeff Kropf, Mark Anderson, Chuck Wiese, Janice Dysinger, Steven McGuire, Rick Riley, Gabriel Buehler, Don Powers, and Ben Edtl.
[15] *Turner Broad. Sys. v. FCC*, 512 U.S. 622, 641 (1994).

government.[16] Elections are how the people govern themselves. Elections are the lifeblood of a democracy. "There is no right more basic in our democracy than the right to participate in electing our political leaders."[17] The right to vote is a "fundamental political right."[18] The right to have one's vote counted is as strong as the right to put a ballot in the ballot box.[19] "It is axiomatic that 'speech concerning public affairs is more than self-expression; it is the essence of self-government.'"[20]

"The First and Fourteenth Amendments embody our 'profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials.'"[21] Oregon is categorically prohibited from doing anything that chills the uninhibited, robust, and wide-open debate concerning elections.

Simply an awareness that Oregon is watching, chills expressive freedoms because the government's unrestrained power to assemble information about individuals is susceptible to abuse.[22] The chilling effect of Oregon's Elections False Information Solution is inherent in the very concept of surveilling the public's speech on elections. A

---

[16] *Illinois State Board of Elections v. Socialist Workers Party*, 440 U.S. 173, 184 (1979).
[17] *McCutcheon v. FEC*, 572 U.S. 185, 191 (2014).
[18] *Reynolds v. Sims*, 377 U.S. 533, 562 (1964).
[19] *United States v. Mosely*, 238 U.S. 383, 386 (1915).
[20] *McKinley v. Eloy*, 705 F.2d 1110, 1113 (9th Cir. 1983) (quoting *Garrison v. Louisiana*, 379 U.S. 64, 74-75 (1964)).
[21] *Garrison*, 379 U.S. at 75 (quoting *New York Times Co.* v. *Sullivan*, 376 U.S. 254, 270 (1964)).
[22] *United States v. Jones*, 565 U.S. 400, 416 (2012) (J. Sotomayor concurring).

person of ordinary firmness knowing that he could be targeted by Oregon for criticizing its elections would think twice about speaking. Such chilling of speech violates the First Amendment and is unconstitutional.[23]

Oregon's plan to surveil the public is enough by itself to constitute an unconstitutional infringement of free speech. Yet, Oregon goes even further to state its intention to **combat** free speech. Oregon's Elections False Information Solution refers to citizen free speech in military terms: "threat detection," "early notification systems," and "target." These terms not only indicate that the government is watching, but that it plans to take action against those who *it considers* are spreading mis-, dis-, or mal-information, including referring them to law enforcement. The government's plan to take action against those who are they disagree is overtly and expressly stated. Its purpose is to "mitigate harmful information,"[24] "target" it,[25] "disarm" it,[26] and to employ "countermeasures."[27]

Moreover, the "harm" referred to by Oregon is not a real injury. The "harm" that Oregon identifies is merely the loss in credibility of its own message that elections are free and fair. Like every tyrant in history, Oregon cannot stand that its pronouncements are contradicted. So, like every propagandist and authoritarian in history, Oregon seeks to deter and silence those who disagree with its message.

---

[23] *See Mendocino Envt'l v. Mendocino Cty.*, 192 F.3d 1283, 1300-01 (9th Cir. 1999).
[24] Joncus Decl. Ex. B p. 4.
[25] Joncus Decl. Ex. C p. 1.
[26] Joncus Decl. Ex. C p. 1.
[27] Joncus Decl. Ex. C p. 1.

Oregon has no power to chill speech because of its message, its ideas, its subject matter, or its content.[28] "The Constitution '***demands*** that content-based restrictions on speech be ***presumed invalid*** . . . and that the Government bear the burden of showing their constitutionality.'"[29]

### B. Plaintiffs are entitled to a preliminary injunction.

1. *Plaintiffs have standing to bring their claim.*

Standing requires an injury in fact, that is fairly traceable to the challenged conduct, and likely to be redressed by a favorable judicial decision.[30] Each Plaintiff is a registered voter in Oregon and an advocate of accurate, verifiable elections in Oregon. Each Plaintiff is critical of Oregon's election system. Each Plaintiff publicly voices their concerns and criticisms of the state's election processes and lack of transparency, the lack of citizen access to election information, and documented election anomalies and vulnerabilities. In view of Oregon's Elections False Information Solution, each Plaintiff will think twice about what they say about Oregon's election system.[31]

When an action of the State implicates First Amendment rights, the inquiry tilts dramatically toward a finding of standing."[32] Injury in fact exists because Oregon

---

[28] *See Ashcroft* v. *American Civil Liberties Union*, 535 U.S. 564, 573 (2002) (cleaned up).
[29] *United States v. Alvarez*, 567 U.S. 709, 716-17 (2012) (quoting *Ashcroft*, 542 U.S. at 660) (emphasis added).
[30] *Porter v. Martinez*, 68 F.4th 429, 437 (9th Cir. 2023).
[31] Declarations for Marc Thielman, Senator Dennis Linthicum, Senator Kim Thatcher, Jeff Kropf, Mark Anderson, Chuck Wiese, Janice Dysinger, Steven McGuire, Rick Riley, Gabriel Buehler, Don Powers, and Ben Edtl.
[32] *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1155 (9th Cir. 2000).

explicitly states its plans to surveil them and disarm citizens, thereby chilling their speech.[33] Mere chilling of speech is a sufficient injury for standing.[34]

The other elements of standing are similarly satisfied. The chilling of Plaintiffs' speech is "fairly traceable" to Oregon's Elections False Information Solution.[35] The harm to Plaintiffs is redressable by the Court through the issuance of an injunction halting Oregon's Elections False Information Solution and an award of damages.

    2.    *Plaintiffs are entitled to an order halting Oregon's surveillance program.*

The issuance of a preliminary injunction requires a showing of likelihood of success on merits, a likelihood of suffering irreparable harm in the absence of an injunction, the balance of equities tipping in their favor, and the injunction serving the public interest.[36] When the government opposes a preliminary injunction the third and fourth factors merge into one.[37]

Plaintiffs are likely to succeed on their First Amendment claim as explained in Section A above. Due to Plaintiffs' likelihood of success, the other factors fall in place.

There is no question that Oregon's surveillance program will cause irreparable harm because "the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."[38] In the Ninth Circuit, merely showing a

---

[33] *See id.* at 1154-55.
[34] *See Libertarian Party of L.A. v. Bowen*, 709 F.3d 867, 870 (9th Cir. 2013).
[35] *See Porter*, 68 F.4th at 437.
[36] *Porretti v. Dzurenda*, 11 F.4th 1037, 1047 (9th Cir. 2021).
[37] *Id.*
[38] *Roman Catholic Diocese v. Cuomo*, 141 S. Ct. 63, 67 (2020).

"colorable First Amendment claim," is sufficient to a show a likelihood of irreparable injury.[39] By its nature, Oregon's Elections False Information Solution causes irreparable harm to Plaintiffs.

The balance of equities tips sharply in the favor of Plaintiffs and the public. Raising "serious First Amendment questions compels a finding that … the balance of hardships tips sharply in Plaintiff['s] favor."[40] "Indeed, it is always in the public interest to prevent the violation of a party's constitutional rights."[41]

Plaintiffs have satisfied all requisite elements for a preliminary injunction halting Oregon's Elections False Information Solution.

3. *Bond should be waived.*

District courts have "wide discretion in setting the amount of the bond, and the bond amount may be zero."[42] In First Amendment cases, the State is not harmed by maintaining the status quo.[43] Waiving the bond requirement is standard practice in First Amendment cases against the government.[44]

---

[39] *American Bev. Ass'n v. City of San Francisco*, 916 F.3d 749, 758 (9th Cir. 2019).
[40] *Id*.
[41] *Id*. (cleaned up).
[42] *Johnson v. Courturier*, 572 F.3d 1067, 1086 (9th Cir. 2009); *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003) ("the district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct."); *Johnson v. Courturier*, 572 F.3d 1067, 1086 (9th Cir. 2009).
[43] *United Food & Com. Workers Loc. 99 v. Brewer*, 817 F. Supp. 2d 1118, 1128 (D. Ariz. 2011) ("There is no realistic likelihood that Defendants will be harmed by being enjoined from enforcing a law that constitutes viewpoint discrimination in violation of the First Amendment on its face.").
[44] *E.g.*, *Weaver v. City of Montebello*, 370 F.Supp. 3d 1130, 1139 (C.D. Cal. 2019); *United Food*, 817 F. Supp. 2d at 1128; V.A. v. San Pasqual Valley Unified Sch. Dist.,

## CONCLUSION

The Court should issue a preliminary injunction ordering Oregon to halt all work pursuant to the Secretary of State's Office Requests for Proposal concerning misinformation, disinformation, and malinformation.

                                                                          Respectfully submitted,

Dated:  December 12, 2023        By:    s/ *Stephen J. Joncus*
                                                                           Stephen J. Joncus, OSB No. 013072
                                                                           Email: steve@joncus.net
                                                                           JONCUS LAW P.C.
                                                                           13203 SE 172nd Ave Ste 166 #344
                                                                           Happy Valley, Oregon 97086
                                                                           Telephone: (971) 236-1200
                                                                           Facsimile: (971) 244-7997
                                                                           steve@joncus.net

                                                                           *Attorney for Plaintiffs*